JUDGE CAPRONI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISIDORE WEEKS,
)
    Plaintiff
)
)
v.
)  Case No.:
)
WILLIAMS AND FUDGE, INC.,
)  **COMPLAINT AND DEMAND FOR**
)  **JURY TRIAL**
    Defendant
)
)  (Unlawful Debt Collection Practices)

15 CV 50

RECEIVED JAN - 6 2015 U.S.D.C. S.D.N.Y. CASHIERS

## COMPLAINT

ISIDORE WEEKS ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against WILLIAMS AND FUDGE, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of New York and as such personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Bronx, New York 10456.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 300 Chatham Avenue, Rock Hill, South Carolina 29731.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

11. Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

12. The alleged debt Defendant was seeking to collect arose out of transactions that were primarily for personal, family, or household purposes.

13. Beginning in or before September 2014 and continuing through November 2014, Defendant continuously and repeatedly contacted Plaintiff on his cellular telephone seeking and demanding payment of an alleged debt.

14. Defendant contacted Plaintiff multiple times a week in its attempts to collect an alleged debt.

15. On more than one occasion, Plaintiff answered Defendant's calls and informed them that he was unemployed and was unable to pay the alleged debt.

16. On at least two occasions, Plaintiff conveyed that message to Defendant's debt collector, Amy Stevens.

17. On at least one occasion Plaintiff spoke to Bob Dunkle, who identified himself as a supervisor employed by Defendant.

18. Plaintiff told Defendant's debt collectors that he was unable to predict when his financial prospects would improve, but told Defendant to stop calling him until he "could get back on his feet."

19. In response to being told to stop calling, Defendant's collectors insisted on Plaintiff making a payment arrangement and threatened to keep calling until he paid the alleged debt.

20. Plaintiff told Defendant to stop calling his cellular telephone.

21. Defendant threatened to take legal action against Defendant if he did not make a payment.

22. Defendant did not update its records to stop the calls to Plaintiff; rather, Defendant persisted in calling Plaintiff on his cellular telephone in its attempts to collect the alleged debt.

23. When calling Plaintiff, Defendant did not possess any information to contradict Plaintiff's representations that he was unemployed and did not have the financial resources to pay the alleged debt.

24. Further, Defendant did not possess any information that Plaintiff's financial situation had changed.

PLAINTIFF'S COMPLAINT

25. Upon information and belief, Defendant called Plaintiff on a repetitive and continuous basis with the intent of harassing Plaintiff into paying the alleged debt.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

26. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5).

   a. A debt collector violates § 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

   b. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

   c. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by continuously contacting Plaintiff multiple times per week and failing to stop calling him after being told to stop and confirming that it would stop calling him, in attempts to collect a consumer debt with the intent to annoy, abuse, and harass Plaintiff.

### COUNT III

27. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f.

   a. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

PLAINTIFF'S COMPLAINT

b. Here, Defendant violated § 1692f of the FDCPA when it failed to update its records to stop calling Plaintiff after being told to stop calling him; and its continued calls to him despite having been told that he was unemployed, homeless, and did not have the financial resources to pay the debt.

WHEREFORE, Plaintiff, ISIDORE WEEKS, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ISIDORE WEEKS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: January 2, 2015

By:_____
CRAIG THOR KIMMEL
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT